**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| **SMOKEY DILLON STUDEBAKER,**  )  <br>                                                              )  <br>                          **Plaintiff,**  )  <br>       v.                                                  )  <br>                                                              )     Case No.  12-2187  <br> **COUNTY OF MACON ILLINOIS and**  )  <br> **THOMAS P. SCHNEIDER,**                 )  <br>                                                              )  <br>                          **Defendant.**    )  | |

# REPORT AND RECOMMENDATION

In July 2012, Plaintiff Smokey Dillon Studebaker filed a three-count complaint against Defendants County of Macon (hereinafter "Defendant County") and Thomas P. Schneider, as Sheriff of the County (hereinafter "Defendant Schneider") in the Circuit Court of Macon County, Illinois, alleging the following: Count I against Defendant County for willful and wanton recklessness under Illinois law; Count II against Defendant County for violation of civil rights under 42 U.S.C. § 1983; and Count III against Defendant Schneider for neglect/omission of duties pursuant to 55 ILCS 5/3-6016. Subsequently, Defendants filed a Notice of Removal (#1), bringing the case to this Court. Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

In August 2012, Defendants filed their Federal Rule 12(b)(6) Motion to Dismiss Counts One and Three of Complaint (#4), and Memorandum of Law In Support (#5). Later in August, Plaintiff filed a Response in Opposition to the Defendant's Rule 12(b)(6) Motion to Dismiss (#10). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion to Dismiss Counts One and Three **(#4)** be **GRANTED**.

## I. Background

The following background is taken from Plaintiff's Complaint at Law, which is included as an attachment to Defendants' Notice of Removal (#1).

Prior to July 22, 2011, Plaintiff was arrested for driving under the influence of alcohol and transported to the Macon County Jail, a facility operated by Defendants. Upon his arrival at the Macon County Jail, Plaintiff was initially placed with misdemeanor offenders. However, Defendant Schneider[1] came to believe that Plaintiff and other inmates would not peacefully co-exist. Accordingly, Defendant Schneider removed Plaintiff from the misdemeanor area and situated him with the felony offenders.

While in the felony offender area, Plaintiff complained[2] that the other inmates were noisy and that, as a result, Plaintiff was unable to sleep. In particular, Plaintiff asked three specific inmates to decrease the volume and amount of noise they generated. Those three inmates, who were in jail for violent offenses, reacted by arguing with, and threatening, Plaintiff. In light of those threats, Plaintiff feared for his safety.

Plaintiff wrote and delivered a letter to the third shift officer approximately two weeks prior to the incident giving rise to the present lawsuit. In that letter, Plaintiff explained that the previously mentioned inmates looked at Plaintiff threateningly and accused Plaintiff of harboring racist thoughts. Plaintiff further explained in the letter that he felt very unsafe as a result. Defendant Schneider did not respond or react to the letter to any appreciable degree. Plaintiff continued to face threats after sending the letter. In light of Defendant Schneider's failure to react to the initial letter, Plaintiff wrote and delivered to a different third-shift officer a second letter, detailing the same concerns. Defendant Schneider still took no action to remedy the unsafe condition.

On or about July 22, 2011, the three inmates who threatened Plaintiff started a verbal fight with Plaintiff in the open confines of the jail, where Defendant Schneider permitted all

---

[1] At times, the complaint simply refers to "Defendant," without specifying which of the two defendants. For instance, paragraph six of the complaint alleges that "the Defendant came to believe that the Plaintiff and other inmates would not cope with one-another." (Complaint, #1, p. 2, ¶ 6). In those instances, the Court assumes that Plaintiff intends to refer to Defendant Schneider.

[2] The complaint does not make it clear to whom Plaintiff was complaining. The context of the complaint suggests that Plaintiff was complaining to other inmates, not to the jail's officers, about the noise.

three to roam with Plaintiff.  The three inmates ordered Plaintiff to go into an empty cell.  One pushed the cell door closed and stood outside as a lookout, while the other two violently beat Plaintiff.  As a result of the beating, Plaintiff suffered extensive and serious injuries.

## II. Standard of Review

Defendants seek dismissal of Counts I and III under Federal Rule of Civil Procedure 12(b)(6).  The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Dismissal is appropriate only if a plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The complaint must give fair notice of what the claim is and the grounds upon which it rests.  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).  However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings.  *Venture Assocs. Corp. v. Zenith Data Sys. Corp*, 987 F.2d 429, 431 (7th Cir. 1993).  The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Twombly*, 550 U.S. at 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).  In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

### III. Analysis

Defendants argue that the Court should dismiss Counts I and III of the complaint because Section 4-103 of the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Section 4-103") protects them from liability under state law for "failure to provide sufficient equipment, personnel, supervision, or facilities." 745 ILCS 10/4-103.[3] They contend that *Bollinger v. Schneider*, 381 N.E.2d 849 (Ill. App. Ct. 1978), and *Jefferson v. Sheahan*, 664 N.E.2d 212 (Ill. App. Ct. 1996), establish that Section 4-103 provides immunity to counties and sheriffs whose failure to adequately provide for and supervise a detention facility results in injury to the plaintiff. Defendants maintain that because Counts I and III of Plaintiff's complaint ultimately allege conduct within the scope of Section 4-103, that section provides Defendants with immunity, and those counts should, accordingly, be dismissed.

Plaintiff responds that the Court should deny Defendants' motion to dismiss because the complaint alleges behavior that is not addressed by Section 4-103. He argues that the immunities afforded to units of local government under the Local Governmental and Governmental Employees Tort Immunity Act must be strictly construed against the local governmental entity. Furthermore, Plaintiff argues that, unlike the plaintiffs in *Bollinger* and *Jefferson*, he alleges "reckless failure to adhere to agency or department policy concerning the protection of an inmate who has a reasonable fear for his own safety." (#10, ¶ 13.) According to Plaintiff, because this conduct is not covered by Section 4-103, Section 4-103 does not provide immunity to Defendants.[4]

---

[3] However, defenses to § 1983 claims are defined by federal law. *Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) (citing *Howlett v. Rose*, 496 U.S. 356, 375 (1990)).

[4] The Seventh Circuit has cautioned that "courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses." *Brownmark Films v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The immunity provided by the Local Governmental and Governmental Employees Tort Immunity Act is an affirmative defense. *Michigan Ave. Nat'l Bank v. Cnty. of Cook*, 732 N.E.2d 528, 535 (Ill. 2000). Plaintiff has not raised the argument that this Court should deny Defendants' motion to dismiss because it is based on an affirmative defense. Moreover, a court may grant a motion to dismiss when the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). As explained herein, the facts set forth in the complaint make it clear that, regardless of the specific rules or policies Defendants allegedly violated, Section 4-103 provides Defendants with immunity for their behavior. Accordingly, dismissal of Counts I and III is appropriate.

Therefore, the dispute between the parties can be stated as follows: Did Plaintiff's complaint allege conduct that is outside the scope of a "failure to provide sufficient equipment, personnel, supervision or facilities"?

Section 4-103 reads, "[n]either a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-103. The basic legal principles surrounding Section 4-103 are straightforward. Section 4-103 extends immunity to counties, *see, e.g.*, *Bollinger*, 381 N.E.2d at 852, and to county sheriffs, *see Jefferson*, 664 N.E.2d at 214. Furthermore, the Illinois legislature intended the immunity afforded by Section 4-103 to be absolute, *Payne v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998) (citing *Jefferson*, 664 N.E.2d at 215-17), meaning that Section 4-103 even immunizes Defendants from liability for willful and wanton behavior that falls within its scope, *Jefferson*, 664 N.E.2d at 217.

The Court finds that Section 4-103 extends immunity to Defendants in this case because Plaintiff's allegations fall squarely within the scope of Section 4-103. Put simply, accepting Plaintiff's allegations as true, Defendants failed to supervise the detainees sufficiently, which resulted in Plaintiff's injury. Section 4-103 immunizes Defendants from liability under state law for their failure to supervise sufficiently.

The parties disagree as to the applicability of *Bollinger v. Schneider* and *Jefferson v. Sheahan*. In both cases, the Illinois Appellate Court found that Section 4-103 of the Tort Immunity Act applied in circumstances factually similar to those in this case.

In *Bollinger*, the plaintiff was physically and sexually assaulted by other inmates while confined in the juvenile section of the Rock Island County jail. *Bollinger*, 381 N.E.2d at 850. Bollinger commenced an action against the Sheriff of Rock Island County, various deputy sheriffs, and the county itself. *Id.* Bollinger generally alleged that he was placed in the same

cell with prisoners with known assaultive and vicious propensities, that the defendants failed to properly supervise the juvenile section of the jail, and that the defendants failed to separate plaintiff from the attacking inmates. *Id.* Defendants filed a motion to dismiss, asserting, in part, that Section 4-103 provided them with immunity. *Id.* Although much of the opinion regarded the legal effect of liability insurance on the availability of tort immunity (an inquiry that is no longer relevant, *see* 745 ILCS 10/9-103(c)), the court held that the language of Section 4-103 applied to the facts of that case. *Bollinger*, 381 N.E. at 851. Accordingly, although the ultimate holding in *Bollinger* turned on the presence of an insurance policy, *id.* at 853, this Court considers *Bollinger* instructive to the extent that the *Bollinger* court indicated that Section 4-103 immunizes public defendants from liability for injuries to an inmate caused by the defendants' failure to provide sufficient supervision of other inmates.

In *Jefferson*, the plaintiff, a former pretrial detainee, brought an action against the Cook County sheriff for injuries he received in the Cook County jail when a fellow detainee beat him with a steel cane provided by jail personnel. *Jefferson*, 664 N.E.2d at 213. The plaintiff alleged that the sheriff willfully and wantonly failed to provide adequate personnel and supervision in the jail. *Id.* The Illinois Appellate Court found that Section 4-103 immunized the defendant from liability for the alleged behavior, and therefore reversed the trial court's denial of the defendant's motion to dismiss. *Id.* at 217.

What *Bollinger* and *Jefferson* have in common with the present case is a failure of jail personnel to protect the plaintiffs adequately. The Court finds unpersuasive Plaintiff's attempts to distinguish *Bollinger* and *Jefferson* on the ground that the plaintiffs in those cases did not allege precisely what Plaintiff alleges here, namely that the defendants recklessly failed to adhere to agency or department policy concerning the protection of an inmate who has a reasonable fear for his own safety. Section 4-103 immunizes defendants for failure to provide sufficient supervision to detainees, whether or not defendants ignore or fail to comply with department or agency policies in the process. To hold otherwise (and come to a conclusion opposite to that of the courts in *Bollinger* and *Jefferson*) would be to apply Section 4-103

inconsistently to the same types of behavior. The alleged offense committed by the Defendants is, at its core, a failure to provide sufficient supervision, which falls squarely within the immunity provided by Section 4-103.

This conclusion finds support in the court's analysis in *Isaacs v. St. Clair County Jail*, No. 08-0417-DRH, 2009 WL 211158, *3 (S.D. Ill. Jan. 29, 2009). In *Isaacs*, the plaintiff alleged that he was attacked by his cell mate, that he informed the jail personnel of the dangerous conditions of the cell, that the jail personnel ignored Isaacs, and that Isaac's cell mate attacked him a second time. *Id.* at *1. The plaintiff there presented the precise argument raised by Plaintiff here: that Section 4-103 did not immunize the defendants because the complaint alleged something other than a failure to supervise, namely a failure to comply with certain rules and procedures. *Id.* at *2. The *Isaacs* court rejected the plaintiff's argument and held that the language of Section 4-103 barred claims grounded upon allegations of failing to protect the plaintiff while detained in jail. *Id.* at *3. Accordingly, the court dismissed the plaintiff's state claims. *Id.* at *4.

Here, just as in *Isaacs*, Defendants are accused of ignoring Plaintiff's requests for assistance, thereby violating established rules and procedures. However, just as in *Isaacs*, Section 4-103 immunizes Defendants because it bars claims grounded upon allegations of failing to protect Plaintiff while in jail. *See also Estate of Carlock v. Williamson*, No. 08-3075, 2008 WL 5070280, *5 (C.D. Ill. Nov. 21, 2008) (dismissing a count alleging that jail supervisors failed to ensure that jail employees followed department rules regarding proper care of inmates, because Section 4-103 provides immunity for failure to supervise personnel sufficiently).

Furthermore, the Court is cognizant that the Local Governmental and Governmental Employees Tort Immunity Act "must be strictly construed against the local government entity." *Vaughn v. City of West Frankfort*, 651 N.E.2d 1115, 1117 (Ill. 1995). The Court does not consider its holding to be an expansion of the immunity provided by Section 4-103, because the allegations against Defendants are not distinguishable from conduct Illinois courts have

determined to be within the scope of Section 4-103.  In sum, the Court recommends that Defendants' Motion to Dismiss Counts I and III (#4) be granted.

Plaintiff also requests leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) so that he may, one, cure any defects that subject his complaint to dismissal and, two, include a count for Violation of Civil Rights Under 42 U.S.C. § 1983 against Defendant Schneider.  Federal Rule of Civil Procedure 15(a)(2) states that "[in cases where a party cannot amend as a matter of course], a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Because Section 4-103 immunizes Defendants regardless of which specific rules or policies Defendants allegedly violated while supervising inmates in the Macon County Jail, the Court recommends that Plaintiff not be granted leave to amend his complaint in order to attempt to remedy the flaw of Counts I and III.  However, the Court also recommends that Plaintiff be granted leave to amend his complaint to add a count against Defendant Schneider for violation of civil rights under 42 U.S.C. § 1983.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion to Dismiss Counts One and Three of Complaint **(#4)** be **GRANTED**.  The Court further recommends that Plaintiff be granted leave to amend his complaint to add a count against Defendant Schneider for violation of civil rights under 42 U.S.C. § 1983.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 5th day of October, 2012.

                                                      s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE